# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RANDALL WILLIAMS**                          **CIVIL ACTION**

**VERSUS**                                    **NO. 24-294-BAJ-SDJ**

**TROY LAWRENCE, JR., et al.**

---

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court..

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 17, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

RANDALL WILLIAMS                                    CIVIL ACTION

VERSUS                                              NO. 24-294-BAJ-SDJ

TROY LAWRENCE, JR., et al.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is before the Court on a Show Cause hearing held on April 8, 2025. As explained below, Plaintiff has failed to serve any Defendant in this matter or otherwise take any steps to prosecute this litigation, which has been pending for over a year. Moreover, Plaintiff has explicitly expressed his intention not to pursue this action in this Court. As such, it is recommended that Plaintiff's cause of action be dismissed for failure to serve pursuant to Federal Rule of Civil Procedure 4(m) and for failure to prosecute under Local Civil Rule 41(b), and pursuant to this Court's inherent power. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

## I.    BACKGROUND

Plaintiff Randall Williams filed this action on April 10, 2024, seeking relief for alleged civil rights violations arising from a traffic stop and the subsequent arrest of Plaintiff by officers of the Baton Rouge Police Department.[1] The Court set an initial Scheduling Conference for July 11, 2024.[2] On July 2, 2024, as no Defendant had been served and/or made an appearance in this

---

[1] R. Doc. 1.
[2] R. Doc. 3.

case, and as no joint status report was timely filed with the Court as ordered, the Court reset the Scheduling Conference for August 29, 2024.[3]  Again, no joint status report was timely filed, and no Defendant made an appearance in the case.  As a result, the Court set a show cause hearing for September 10, 2024.[4]  At the hearing, Plaintiff's counsel explained his efforts to communicate with Parish attorneys in expectation of a waiver of service and/or a motion seeking a stay of this matter pending the resolution of related criminal proceedings.[5]  The Court then reset the Scheduling Conference for October 24, 2024.[6]

At the Scheduling Conference held October 24, 2024, Plaintiff's counsel updated the Court on Plaintiff's efforts to serve Defendants and provided assurances to the Court that he would communicate more effectively with the Court going forward.[7]  The Court then, once again, reset the Scheduling Conference, this time for January 2, 2025.[8]  During the January 2, 2025 conference, the Court questioned Plaintiff's counsel as to why no Defendant had been served, given that the case had been pending at that time for almost nine months.[9]  Plaintiff's counsel represented that he had sent service waivers to Defendants, but that none had been signed and returned.[10]  He also represented that he recently had spoken with someone in the Parish Attorney's Office, who said that an appearance by Defendants would be forthcoming, after which they would file a motion requesting a stay pending resolution of certain criminal charges pending against one Defendant.[11]  At the conference, the Court ordered that on or before January 10, 2025, Defendants would make

---

[3] R. Doc. 4.
[4] R. Doc. 5.
[5] R. Doc. 6.
[6] *Id.*
[7] R. Doc. 7.
[8] *Id.*
[9] R. Doc. 8.
[10] *Id.*
[11] *Id.*

an appearance in the case, or Plaintiff would file into the record proof of service on Defendants.[12] The Court also expressed its expectation that by the end of January 2025, the Parties either would have filed a joint status report containing proposed dates for a Scheduling Order, or Defendants would have filed a motion requesting a stay of this matter.[13]  Plaintiff, once again, failed to take any action in this matter.

As the January 2025 deadline passed with no proof of service being filed into the record, the Court issued its second Show Cause Order in this case, setting a Show Cause hearing for April 8, 2025, based on Plaintiff's failure to prosecute this case and failure to comply with this Court's Orders.[14]  At the April Show Cause hearing, Plaintiff's counsel explained that he and Plaintiff no longer plan to prosecute this case in federal court.[15]  In response, the Court expressed its intent to issue a Report and Recommendation recommending that this case be dismissed for failure to serve Defendants pursuant to Federal Rule of Civil Procedure 4 and for failure to prosecute this matter pursuant to Local Civil Rule 41.[16]  This is the promised Report and Recommendation.

## II.     LAW & ANALYSIS

Fed. R. Civ. P. 4(m) provides for dismissal of an action without prejudice if a plaintiff fails to serve within 90 days after the complaint is filed.  Local Civil Rule 41(b)(1)(A) also provides that "[a] civil action may be dismissed by the Court for lack of prosecution … [w]here no service of process has been made within 90 days after filing of the complaint."  This case has been pending for over a year, and service has not yet been effected.  Moreover, Plaintiff's counsel has now

---

[12] *Id.*
[13] *Id.*
[14] R. Doc. 9.
[15] R. Doc. 10.
[16] *Id.*

explicitly represented to the Court that he and Plaintiff no longer plan to prosecute this matter in federal court, meaning no service is forthcoming.

In addition to its authority to dismiss a case pursuant to Rule 4, "[t]his Court has the authority to dismiss an action for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*." *Scheppf v. U.S. Attorney Gen.*, No. 16-575, 2018 WL 3193857, at *2 (M.D. La. Jun. 13, 2018); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion."); *Maxey v. Citizens Nat'l Bank of Lubbock, Tex.*, 459 F.2d 56, 57 (5th Cir. 1972) (affirming *sua sponte* dismissal for failure to prosecute where plaintiff failed to respond to show cause order); *Curtis v. Quarterman*, 340 F. App'x 217, 217-18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order.  The court possesses the inherent authority to dismiss the action *sua sponte* in the absence of a motion by the defendant.") (internal citation omitted); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order); *Williams v. Potter*, No. 03-1409, 2006 WL 1233136, at *1 (E.D. Tex. May 5, 2006) ("Rule 41(b), Federal Rules of Civil Procedure, authorizes the court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order."). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Williams*, 2006 WL 1233136, at *1 (quoting *Link*, 370 U.S. at 629-30; *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997), *cert. denied*, 522 U.S. 875 (1997)).

Local Civil Rule 41(b) provides for dismissal "by the Court for lack of prosecution … [w]here a cause has been pending six months without proceedings being taken within such period." L.R. 41(b)(1)(C).  This provision requires that, prior to issuance of a dismissal, the plaintiff be sent notice and "allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act."  L.R. 41(b)(2).  It also specifically provides that "[i]f no response is received within the allotted time, the Court may dismiss the civil action." *Id.*  Here, notice was provided via the Show Cause Order issued on March 25, 2025.  Plaintiff's response, given at the April 8, 2025 Show Cause hearing is that he does not intend to prosecute this case in this Court.  The Court, therefore, recommends that Plaintiff's cause of action be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Civil Rule 41(b) for failure to serve and failure to prosecute this matter.

## III.    RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's cause of action be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve, as well as Local Civil Rule 41(b), and this Court's inherent power, for failure to prosecute.

Signed in Baton Rouge, Louisiana, on July 17, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**